UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| SCOTT MORIN ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> CREDIT BUREAU COLLECTION ) <br> SERVICES, INC. ) <br> ) <br> Defendant. ) | Case No. |

## PLAINTIFF'S ORIGINAL COMPLAINT AND DEMAND FOR JURY TRIAL

### *I.     INTRODUCTION*

1. This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*; the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq*; the New Hampshire Unfair, Deceptive or Unreasonable Collection Practices Act NH RSA 358-C; New Hampshire Regulation of Business Practices For Consumer Protection NH RSA 358-A; and all applicable common law causes.

### *II.     JURISDICTION AND VENUE*

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1331, for the FDCPA and TCPA claims. *See Also* Mims v Arrow Financial Services, 132 S. Ct. 740 (2012) (resolving a split between the Circuits and holding that Federal Jurisdiction does exist for private TCPA claims). Supplemental jurisdiction exists for all other claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and/or where Defendant transacts business in this district.

### III.   PARTIES

4. Plaintiff Scott Morin is a natural person residing in Strafford County New Hampshire.

5. Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3) and RSA 358-C:1(I).

6. Defendant, Credit Bureau Collection Services, Inc. ("CBCS") is a corporation created under the laws of Ohio with a Registered agent by the name of CSC-Lawyers Incorporating Service, located at 50 W. Broad Street, Suite 1800, Columbus, OH 43215.

7. Defendant, Credit Bureau Collection Services, Inc. is an entity who at all relevant times was engaged, by use of the phones, in the business of attempting to collect a "debt" from the Plaintiff, as defined by 15 U.S.C. § 1692a(5) and RSA 358-C:1(IV).

8. Defendant CBCS is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and RSA 358-C:1(VIII).

### IV. FACTUAL ALLEGATIONS

9. Plaintiff is a natural person contacted by Defendant for the purposes of collecting a debt owed or allegedly owed to another.

10. The Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

11. The Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property or services which are the subject of the transaction are primarily for personal family or household purposes.

12. The Defendant is thoroughly enmeshed in the debt collection business.

13. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or once due a creditor other than Defendants, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

14. The alleged debt was incurred for personal, family or household purposes.

15. Beginning in early 2013, and continuing through 2013, the Defendant placed telephone calls to the Plaintiff.

16. Defendant placed numerous calls to the Plaintiff's cellular phone in an attempt to collect an alleged debt.

17. Upon information and good faith belief, Defendant used an automated or automatic telephone dialing system or telephone equipment to make such calls.

18. Upon information and good faith belief, Defendant used an artificial or pre-recorded voice to make such calls.

### V.  CLAIMS FOR RELIEF

### COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692d(5)

19. Plaintiff repeats and re-alleges each and every allegation contained herein as if fully stated in this count.

20. The law prohibits a creditor from "[c]ausing a telephone to ring or engaging any person in a telephone conversation repeatedly or continuously with the intent to annoy, abuse, or harass any person at the called number." 15 U.S.C. § 1692d(5).

21. Defendant called the Plaintiff on numerous occasions on his cellular phone.

22. The number and frequency of calls indicate that these calls have been made with the intent to annoy, abuse or harass the Plaintiff.

23. The Defendant made these calls with intent to annoy, abuse or harass the Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a. Adjudging that Defendant violated 15 U.S.C. §1692d(5);

   b. Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

   c. Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action as allowed for by 15 U.S.C. § 1692k;

   d. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and,

   e. Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692g

24. Plaintiff repeats and re-alleges each and every allegation contained herein as if fully stated within this count.

25. The Fair Debt Collections Practices Act requires that a notice containing the following validation rights must be delivered to the consumer within five days after the initial communication: "(1) the amount of the debt; (2) the name of the creditor; (3) a statement

that the consumer has a right to dispute the validity of the debt; (4) a statement that if the consumer notifies the debt collector in writing that the debt is disputed, the debt collector will obtain verification of the debt and mail a copy of the verification to the consumer; and, (5) a statement that, upon the consumer's written request, the debt collector will provide the consumer with the name and address of the original creditor." 15 USC § 1692g(a).

26. The Plaintiff did not receive the statutorily required notice of his validation rights.

27. The Defendant did not send Plaintiff a notice containing his validation rights.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a. Adjudging that Defendant violated 15 U.S.C. §1692g;
   b. Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;
   c. Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action as allowed for by 15 U.S.C. § 1692k;
   d. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and,
   e. Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
## VIOLATIONS OF 47 U.S.C. § 227

28. Plaintiff repeats and re-alleges each and every allegation contained herein as if fully stated within this count.

29. The TCPA makes it unlawful for any person to make a call using any automatic telephone dialing system or an artificial or prerecorded voice: "to the telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service,

or other radio common carrier service, or any service for which the called party is charged for the call." 47 U.S.C. § 227(b)(1)(A)(iii).

30. The Statutory scheme of the TCPA also provides for a private action for violations of the statute: "A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State- (A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation, (B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or (C) both such actions." 47 U.S.C. § 227(b)(3).

31. "If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph." 47 U.S.C. § 227(b)(3).

32. "[A]n act may be 'intentional' for purposes of civil liability even if the actor lacked actual knowledge that [their] conduct violated the law." Jerman v. Carlisle, McNellie, Rini, Kramer, 130 S. Ct. 1605, 1612 (2010). See also Kolstad v. American Dental Assn., 527 US 526, 549 (1999) (holding that willful violations can be found where a defendant acts with "careless" or "reckless" disregard for federally protected rights).

33. Here, Defendant has continuously used an "automatic telephone dialing system" or "predictive dialing system" to call Plaintiff on his cellular telephone.

34. When Plaintiff answered his phone he found that the call had been made to forward an artificial or prerecorded voice.

35. When the Plaintiff answered the phone for these calls it was not a live person on the other

end of the call.

36. The Defendant used an automatic or predictive dialing system to contact the Plaintiff through his cellular phone in violation of the TCPA.

37. The Defendant did not have Plaintiff's consent to contact his cell phone.

38. The Defendant made these calls intentionally or with careless or reckless disregard that their conduct violated the law.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a. Adjudging that Defendant violated 47 U.S.C. § 227;

    b. Awarding Plaintiff statutory damages for each phone call made in violation of this statute, pursuant to 47 U.S.C. § 227(b)(3);

    c. Awarding Plaintiff triple damages for each violation of the statute as provided for by 47 U.S.C. § 227(b)(3);

    d. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and,

    e. Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV
## VIOLATIONS OF NH RSA 358-C:3(I)(a)

39. Plaintiff repeats and re-alleges each and every allegation herein as if fully stated within this count.

40. Debt collectors are prohibited by state law from employing unfair, deceptive or unreasonable collection practices in attempting to collect a debt. NH RSA 358-C.

41. It is considered an unfair and unreasonable practice under the act to communicate or threaten to communicate with the debtor: "By causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously… with the intent to

abuse, oppress or harass any person at the called number." RSA 358-C:3(I)(a).

42. The Defendant contacted the Plaintiff through the phones in a repetitive and continuous manner

43. The number of calls indicate that these calls have been made with the intent to annoy, abuse or harass the Plaintiff.

44. Defendant made these calls with intent to annoy, abuse or harass the Plaintiff.

WHEREFORE, the Plaintiff prays for relief and judgment, as follows:

    a. Adjudging that the Defendant violated NH RSA 358-C;

    b. Awarding the Plaintiff statutory damages, pursuant to NH RSA 358-C;

    c. Awarding Plaintiff's reasonable attorneys' fees and costs incurred in this action as allowed for by NH RSA 358-C;

    d. Awarding the Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and,

    e. Awarding such other and further relief as the Court may deem just and proper.

## COUNT V
## DEFENDANT VIOLATED NH RSA 358:A *via* NH RSA 358-C

45. Any violation of NH RSA 358-C also constitutes an unfair and deceptive act or practice within the meaning of NH RSA 358-A. RSA 358-C:4(VI).

46. As described herein, Defendant has violated NH RSA 358-C by communicating or threatening to communicate with the debtor: "By causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously… with the intent to abuse, oppress or harass any person at the called number." RSA 358-C:3(I)(a).

47. NH RSA 358-A:10 provides for statutory damages of $1,000 to $3,000 plus costs and reasonable attorney's fees.

48. Through violating NH RSA 358-C the Defendant has violated NH RSA 358-A.

WHEREFORE, the Plaintiff prays for relief and judgment, as follows:

    a. Adjudging that Defendant violated NH RSA 358-A;

    b. Awarding the Plaintiff $1,000 in statutory damages, pursuant to NH RSA 358-A:10;

    c. Awarding the Plaintiff $3,000 in statutory damages by finding the violation to be willful or knowing;

    d. Awarding the Plaintiff reasonable attorneys' fees and costs incurred in this action as allowed for by NH RSA 358-A:10;

    e. Awarding the Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and,

    f. Awarding such other and further relief as the Court may deem just and proper.

### COUNT VI
### DEFENDANT VIOLATED RSA 358:A BY EMPLOYING AN UNFAIR OR DECEPTIVE PRACTICE IN AN ATTEMPT TO COLLECT A DEBT

49. Plaintiff repeats and re-alleges each and every allegation contained herein as if fully stated within this count.

50. Under New Hampshire law it is unlawful to use any unfair or deceptive act or practice in the conduct of any trade or commerce. NH RSA 358-A:2.

51. Defendant was at all relevant times herein engaged in trade or commerce within the State.

52. As described more fully herein Defendant employed an unfair or deceptive act or practice when they made continuous phone calls with the intent to abuse, annoy or harass the Plaintiff.

53. Defendant employed an unfair or deceptive act or practice when they used a predictive

dialer or auto dialer to harass Plaintiff through phone calls made to his cellular telephone.

WHEREFORE, the Plaintiff prays for relief and judgment, as follows:

   a. Adjudging that Defendant violated NH RSA 358-A;

   b. Awarding the Plaintiff statutory damages, pursuant to NH RSA 358-A;

   c. Awarding the Plaintiff reasonable attorneys' fees and costs incurred in this action as allowed for by NH RSA 358-A:10;

   d. Awarding the Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and,

   e. Awarding such other and further relief as the Court may deem just and proper.

## COUNT VII
## INVASION OF PRIVACY

54. Plaintiff repeats and re-alleges each and every allegation contained herein as if fully stated within this count.

55. Defendant invaded the peace and quiet enjoyment of Plaintiff's home through the constant placing of phone calls to the Plaintiff's cellular phone.

56. Defendant without right or justification intruded upon the seclusion of the plaintiff.

57. Defendant therefore invaded the privacy of the Plaintiff.

58. Plaintiff suffered damages in loss of enjoyment of life, increased stress, mental and emotional disturbance.

WHEREFORE, Plaintiff prays for relief, Judgment in his favor, and award of damages.

**JURY TRIAL REQUESTED**

January 6, 2014

        Respectfully submitted,
        SCOTT MORIN
        By His Attorneys


        /s/ Keith A. Mathews
        SKINNER LAW PLLC
        Atty. Keith A. Mathews
        NHBN: 20997
        587 Union Street, 2nd Floor
        Manchester, NH 03104
        Tel: (603) 622-8100
        Fax: (888) 912-1497
        keith@srslawyer.com